UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD K. HALKMON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-cv-02579-NCC |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Ronald K. Halkmon, Jr.'s ("Petitioner") Motion to Amend or Alter the Court's July 29, 2017 Order and Judgment (Doc. 66). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 19). For the follow reasons, Petitioner's Motion will be **DENIED**.

### **I. Background**

On December 5, 2013, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). On April 16, 2014, Petitioner moved for leave to add four new claims to the Petition (Doc. 20). The Court denied the motion on March 13, 2015, because the proposed amendments were futile (Doc. 47). In his Petition, Petitioner raised the following grounds for relief:

(1) Trial counsel was ineffective for:

    1) failing to investigate witnesses Marnesa Lewis and Demetrius Ingram;
    2) disclosing privileged work product to the State;
    3) constructively waiving his right to remain silent;
    4) failing to object to prosecutorial misconduct;
    5) failing to object to uncharged conduct;
    6) failing to properly subpoena Shante Jennings.

(2) The prosecutor committed misconduct by failing to produce Shante Williams at trial and by introducing statements of uncharged conduct through a witness.

(3) The trial court erred in not severing his case from his co-defendants.

(4) The trial court erred in allowing hearsay evidence.

(5) "Newly discovered evidence," which was contained in his trial legal file, demonstrates his actual innocence.

(6) Postconviction counsel was ineffective for failing to argue that appellate counsel was ineffective for failing to raise his prosecutorial misconduct claim on direct appeal.

(7) The evidence was insufficient to support the conviction for first-degree murder because the elements of deliberation or premeditation were not proved, and there was insufficient evidence to support the conviction for first-degree robbery because it was never proved that he took any property from the victim.

On March 29, 2017, the Court denied the Petition and dismissed Petitioner's case (Doc. 57). Petitioner filed a Motion for Extension of Time to file a Motion to Alter of Amend the Judge's March 29, 2017 Judgment on April 5, 2017 (Doc. 59). The Motion was post-marked April 6, 2017, and received and entered by the Court on April 10, 2017 (*Id.*). Respondent did not respond to the motion within the allotted time. See L.R. 4.01, Fed. R. Civ. P. 6(d). The Court granted Petitioner's request and gave him until June 29, 2017 to file his motion (Doc. 60). On June 26, 2017, Petitioner filed his Motion to Amend or Alter the Court's July 29, 2017 Order and Judgment (hereinafter "Motion for Reconsideration") (Doc. 66). Again, Respondent did not respond to the Motion within the time allotted by local rule. However, on July 17, 2017, the Court directed Respondent to file a response to the current Motion on or before August 14, 2017 (Doc. 70). Respondent complied with the Court's order and filed his response on August 14, 2017 (Doc. 72).

## II. Discussion

The federal rules do not provide for a "motion to reconsider." *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993). Where a motion to reconsider is made in response to a final order, as here, it should be construed as a motion under Federal Rule of Civil Procedure 59(e). *See Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). Petitioner's motion involves the reconsideration of matters that were encompassed within the merits of the Court's decision. Any motion questioning the correctness of a judgment is functionally a motion to alter or amend the judgment under Rule 59(e), regardless of how the motion is styled. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). As such, Petitioner's motion is properly construed as a motion under Rule 59(e).

A court can consider the merits of a motion under Rule 59(e) only if it is timely. A motion to alter or amend judgment under Rule 59(e) must be made within twenty-eight days of the Court's entry of judgment and the Court may not extend the time for filing motions under Rule 59(e). Fed. R. Civ. P. 6(b)(2), 59(e). However, the time limit proscribed by Rule 59(e) is a "mandatory claims-processing rule" not a "jurisdictional rule" and, therefore, a party may forfeit the timeliness requirement if not timely raised. *Dill v. Gen. Am. Life Ins. Co.*, 525 F.3d 612, 618 (8th Cir. 2008). *See Hamer v. Neighborhood Hous. Servs. of Chicago,* 138 S. Ct. 13, 20 (2017). In the Eighth Circuit, even if, as is the case here, a party does not oppose the extension of time but then raises the timeliness issue prior to the Court ruling on the merits of the underlying Rule 59(e) motion, the motion is deemed untimely. *Dill*, 525 F.3d at 618. *See also Hamer*, 138 S. Ct. at 22 (refusing to take up the issue of "whether respondents' failure to raise any objection in the District Court to the overlong time extension, by itself, effected a forfeiture"). Therefore,

Petitioner's Motion for Reconsideration filed 89 days after the Court's entry of judgment is untimely. Regardless, even if the Court were to consider the Motion for Reconsideration on the merits, upon a complete and careful review of Petitioner's Motion, the Court finds that Petitioner has not shown that he is entitled to relief pursuant to Rule 59(e) as Petitioner has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law.

The Court must also consider whether Petitioner's motion should be addressed under Federal Rule of Civil Procedure 60(b). The Eighth Circuit does "not favor recasting postjudgment motions as Rule 60 motions to extend the time for appeal." *McGarvin v. United States*, 12 F.3d 1102 (8th Cir. 1993) (Table) (unpublished per curiam) (citing *Wilson v. Runyon*, 981 F.2d 987, 989 (8th Cir. 1992) (per curiam)). Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion "only upon an adequate showing of exceptional circumstances." *Schwieger v. Farm Bureau Ins. Co. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000). A Rule 60(b) motion is not for the purpose of rearguing, more fully, the merits of a claim. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). The Court finds that Petitioner's Motion for Reconsideration does not on its face allege grounds for relief available under Rule 60(b), and therefore the Court does not address it as a Rule 60(b) motion.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Amend or Alter the Court's July 29, 2017 Order and Judgment (Doc. 66) is **DENIED**.

Dated this 19th day of December, 2017.

                                            /s/ Noelle C. Collins
                                            NOELLE C. COLLINS
                                            UNITED STATES MAGISTRATE JUDGE