UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONALD K. HALKMON, JR.,          )
                                  )
            Petitioner,           )
                                  )
      v.                          )   Case No. 4:13-CV-02579-NCC
                                  )
IAN WALLACE,                      )
                                  )
            Respondent.           )

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Ronald K. Halkmon, Jr.'s ("Petitioner") Request for Leave to File Successive Petition (Doc. 76). On December 5, 2013, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). On April 16, 2014, Petitioner moved for leave to add four new claims to the Petition (Doc. 20). The Court denied the motion on March 13, 2015, because the proposed amendments were futile (Doc. 47). In his Petition, Petitioner raised the following grounds for relief:

(1) Trial counsel was ineffective for:

  1) failing to investigate witnesses Marnesa Lewis and Demetrius Ingram;
  2) disclosing privileged work product to the State;
  3) constructively waiving his right to remain silent;
  4) failing to object to prosecutorial misconduct;
  5) failing to object to uncharged conduct;
  6) failing to properly subpoena Shante Jennings.

(2) The prosecutor committed misconduct by failing to produce Shante Williams at trial and by introducing statements of uncharged conduct through a witness.

(3) The trial court erred in not severing his case from his co-defendants.

(4) The trial court erred in allowing hearsay evidence.

(5) "Newly discovered evidence," which was contained in his trial legal file, demonstrates his actual innocence.

(6) Postconviction counsel was ineffective for failing to argue that appellate counsel was ineffective for failing to raise his prosecutorial misconduct claim on direct appeal.

(7) The evidence was insufficient to support the conviction for first-degree murder because the elements of deliberation or premeditation were not proved, and there was insufficient evidence to support the conviction for first-degree robbery because it was never proved that he took any property from the victim.

On March 29, 2017, the Court denied the Petition and dismissed Petitioner's case (Doc. 57). Petitioner filed a Motion for Extension of Time to file a Motion to Alter of Amend the Judge's March 29, 2017 Judgment on April 5, 2017 (Doc. 59). The Court granted Petitioner's request and gave him until June 29, 2017 to file his motion (Doc. 60). On June 26, 2017, Petitioner filed his Motion to Amend or Alter the Court's July 29, 2017 Order and Judgment (hereinafter "Motion for Reconsideration") (Doc. 66). The Court denied Petitioner's Motion for Reconsideration on December 19, 2017 (Doc. 74).

Petitioner now comes before the court with a request to file a successive petition. However, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition[.]"). Therefore, this Court cannot address Petitioner's request; Petitioner must first move for leave to file a successive petition with the Eighth Circuit Court of Appeals.

Accordingly, in the interests of justice,

**IT IS HEREBY ORDERED** that the Clerk of Court is **DIRECTED** to transfer Petitioner Ronald K. Halkmon, Jr.'s Request for Leave to File Successive Petition (Doc. 76) to the Eighth Circuit Court of Appeals.

Dated this 10th day of April, 2018.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE